## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| DAVID LAMBERT,<br><br>     Plaintiff<br><br>v.<br><br>ELI LILLY AND COMPANY, and LILLY USA, LLC,<br><br>     Defendants. | COMPLAINT AND JURY DEMAND<br><br>CIVIL ACTION NO.: _____ |

## SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF 503).

## IDENTIFICATION OF PARTIES

**Plaintiff(s)**

1.    Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): David Lynn Lambert                                      .

2.    If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim:  N/A                                                      ,

as                                    of the estate of                                , deceased.

3.    If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s):  N/A                                                      ,

4.    If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services:  N/A                                                      ,

**Defendant(s)**

5.    Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

_____ Novo Nordisk Inc.

_____ Novo Nordisk A/S

__X__ Eli Lilly and Company

__X__ Lilly USA, LLC

_____ other(s) (identify): _____

**JURISDICTION AND VENUE**

6.    City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

Lufkin, Texas

7.    State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

Texas

8.    State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

Texas

9.    City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

Lufkin, Texas

10.    Jurisdiction is based on:

___X___    diversity of citizenship pursuant to 28 U.S.C. § 1332

_____    other (plead in sufficient detail as required by applicable rules):

_____

_____

11.    The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

Eastern District of Texas

12.    Venue is proper in the District Court identified in Paragraph 11 because:

___X___    a substantial part of the events and omissions giving rise to Plaintiff(s)' claims occurred there

_____ other (plead in sufficient detail as required by applicable rules):

_____

_____

13.   If applicable, identify the citizenship of any additional Defendant(s) named above:

___N/A_____

**PRODUCT USE**

14.    Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

_____  Ozempic (semaglutide)

_____  Wegovy (semaglutide)

_____  Rybelsus (oral semaglutide)

_____  Victoza (liraglutide)

_____  Saxenda (liraglutide)

\_\_X\_\_  Trulicity (dulaglutide)

_____  Mounjaro (tirzepatide)

_____  Zepbound (tirzepatide)

_____  Other(s) (specify): _____

15.    To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

Trulicity:  Approximately November 2019 – December 2023_____

_____

_____

## **INJURIES AND DAMAGES**

16.    To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s), Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

_____ Gastroparesis

__X__  Other gastro-intestinal injuries (specify): <u>Nausea, Abdominal Pain/ Distention, Vomiting, Constipation</u>

__X__  Ileus

_____ Ischemic Bowel/Ischemic Colitis

__X__  Intestinal Obstruction

_____ Necrotizing Pancreatitis

__X__  Gallbladder Injury (specify): <u>Cholelithiasis (gallstones)</u>

_____ Micronutrient Deficiency

_____ Wernicke's encephalopathy

_____ Aspiration

_____ Death

_____ Additional/Other(s) (specify): _____

17.    Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

<u>Nausea, Abdominal Pain/Distention, Vomiting, Constipation (July 2022; December 2023)</u>

<u>Ileus & Bowel Obstruction (December 2023)</u>

<u>Cholelithiasis (Gallstones) (December 2023)</u>

_____

18.    In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

　　__X__ Injury to self

　　_____ Injury to person represented

　　__X__ Economic loss

　　_____ Wrongful death

　　_____ Survivorship

　　_____ Loss of services

　　_____ Loss of consortium

　　_____ other(s) (specify): _____

## CAUSES OF ACTION

19.     In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

_ X _   Count I:      Failure to Warn – Negligence

_ X _   Count II:     Failure to Warn – Strict Liability

_ X _   Count III:    Breach of Express Warranty/Failure to Conform to Representations

_ X _   Count IV:     Breach of Implied Warranty

_ X _   Count V:      Fraudulent Concealment/Fraud by Omission

_ X _   Count VI:     Fraudulent/Intentional Misrepresentation

_ X _   Count VII:    Negligent Misrepresentation/Marketing

_ X _   Count VIII:   Strict Product Liability Misrepresentation/Marketing

_ X _   Count IX:     Innocent Misrepresentation/Marketing

_____   Count X:      Unfair Trade Practices/Consumer Protection (see below)

_ X _   Count XI:     Negligence

_ X _   Count XII:    Negligent Undertaking

_____   Count XIII:   State Product Liability Act (see below)

_____   Count XIV:    Wrongful Death

_____   Count XV:     Loss of Consortium

_____   Count XVI:    Survival Action

_____   Other(s) (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules):

_____

_____

_____

_____

20.    If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or

consumer protection statutes of any jurisdiction as identified in Count X above:*

      a.    Indicate the specific statute (including subsections) under which Plaintiff(s)

        is/are bringing such claims:

          N/A _____

          _____

          _____

      b.    Identify the factual allegations supporting those claims (by subsection, if

        applicable):

          N/A _____

          _____

          _____

***Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.**

21.    If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act ("PLA") of any jurisdiction as identified in Count XIII above:*

    a.    Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

        N/A _____

        _____

        _____

    b.    Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

        N/A _____

        _____

        _____

    c.    Identify the factual allegations supporting those claims:

        N/A _____

        _____

        _____

***\* Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.***

22.    If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate pre-suit notice to Defendant(s)? _____N/A_____. If so, attach such notice.

## **RELIEF**

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

## **JURY DEMAND**

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.

Date: January 29, 2026

By:    */s/ Sarah J. Foster*
Sarah J. Foster, FL Bar No. 1018179
Jeffrey L. Haberman, FL Bar No. 98522
**SCHLESINGER LAW OFFICES, P.A.**
1212 SE Third Avenue
Fort Lauderdale, FL 33316
Telephone: (954) 467-8800
Fax: (954) 320-9509
sarah@schlesingerlaw.com
jhaberman@schlesingerlaw.com
*Attorneys for Plaintiff*